IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:        ANNA WALKER                                    CASE NUMBER: 18-12097

DEBTOR(S)

## APPLICATION OF TRUSTEE TO EMPLOY ATTORNEY FOR SPECIAL PURPOSE

**COMES NOW**, Henry J. Applewhite, Trustee in the above styled and numbered proceeding, by and through his attorney, and petitions the Court for authority to retain and appoint the law firm of Brenes Law Group, P.C. including Troy A. Brenes together with any other attorneys and paralegals of said firm (hereinafter "Attorney" whether singular or plural) to represent the Trustee in this proceeding for a special purpose and in support thereof would respectfully show as follows, to-wit:

1. That in order to facilitate his duties as a Trustee, it is necessary for the Trustee to employ special counsel to represent the Trustee for investigation, to make demand, to pursue a claim or recovery, and/or to file a lawsuit or lawsuits for the recovery of money or property involving specifically a claim on behalf of the Debtor(s) involving a confidential mass tort personal injury product liability claim (hereinafter the "*Claim*") against one or more confidential persons and/or Defendants including one or more medical device companies (hereinafter "*Defendant*" whether singular or plural).

2. Trustee desires to employ the law firm of Brenes Law Group, P.C. including Troy A. Brenes together with any other attorneys and paralegals of said firm (sometimes hereinafter "Attorney" whether singular or plural) as special counsel for the performance of said legal services described herein with said Attorney receiving compensation of an undivided contingent interest in said claim upon the following terms and conditions:

<u>Contingency Based Fees</u>:   The attorney's fees for said special counsel are on a contingency fee basis of Forty Percent (40%) of the gross amount recovered by any means whatsoever, including without limitation demand, settlement, motion, summary judgment, default judgment, judgment, litigation or otherwise.

{0018646.DOCX}

<u>Reimbursement of Expenses</u>: Contingent upon a recovery, said Attorney is also entitled to reimbursement of reasonable and necessary expenses in pursuing said Claim.

<u>Limits on Fees and Expenses</u>: Provided, however, the total fees and reimbursement of expenses shall not exceed fifty percent (50%) of the gross amount recovered.

Any monies recovered as a result of said Claim will be disbursed pursuant to further Court Order, and said Attorney agrees to provide reports to the Trustee as set forth on Exhibit "A" hereto.

3. Said Attorney is fully competent to advise the Trustee on all matters which are now anticipated to arise in the functioning of this proceeding and protect and preserve all rights of Applicant.

4. Said Attorney represents no interest adverse to the Trustee or the estate with respect to matters upon which Attorney is to be engaged, and the employment of said Attorney would be in the best interest of this estate. To the best of Applicant's knowledge, said Attorney has no connection with the creditors herein, any other party in interest or their respective accountants and attorneys, or with the United States Trustee or any person employed in the Office of the United States Trustee which would interfere with or hinder the faithful performances of his duties herein. Provided however, Attorney previously represented the Debtor(s) regarding the subject Claim, and said Attorney and the Trustee have conferred and do not believe there is any conflict of interest to prohibit said attorney from being special counsel to the Trustee and the bankruptcy estate involving the specific Claim. An Affidavit supporting this statement is attached hereto as Exhibit "A".

**WHEREFORE, PREMISES CONSIDERED,** the Trustee prays that he be authorized to employ and appoint the aforesaid Attorney as special counsel for the Trustee to represent the Trustee in this proceeding regarding the aforesaid Claim, and the Trustee prays for general relief.

Respectfully submitted on this the 5th day of October, 2022.

/s/ Henry J. Applewhite
**HENRY J. APPLEWHITE**
**Trustee and Attorney at Law**
Post Office Box 724
Aberdeen, MS 39730-0724
Telephone: (662) 369-7783
MS Bar #1609

{0018646.DOCX}

## CERTIFICATE OF MAILING

I, Henry J. Applewhite, Chapter 7 Trustee, hereby certify that I have on this date placed in the United States Mail, postage prepaid, a true and correct copy of the above and foregoing Application of Trustee to Employ Attorney for Special Purpose to the following:

Troy A. Brenes
Attorney at Law
Brenes Law Group, P.C.
100 Spectrum Center Drive
Suite 330
Irvine, CA 92618

Further, I, Henry J. Applewhite, do hereby certify that I have on this date filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Office of the United States Trustee at USTPRegion05.AB.ECF@usdoj.gov.

Catherine Anne Umberger, Attorney for Debtor(s) at the electronic address on the ECF System

This the 5th day of October, 2022.

/s/ Henry J. Applewhite
**HENRY J. APPLEWHITE**

{0018646.DOCX}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:      ANNA WALKER                              CASE NUMBER: 18-12097

**DEBTOR(S)**

**EXHIBIT A**

**STATE OF CALIFORNIA**

**COUNTY OF _____**

**STATEMENT OF PROFESSIONAL PURSUANT TO RULE 2014 - AFFIDAVIT**

The undersigned, Troy A. Brenes, Attorney at Law, of Brenes Law Group, P.C., and of lawful age, after first being duly sworn, and on oath, states as follows:

1. I am Troy A. Brenes, Attorney at Law, of Brenes Law Group, P.C. which includes any other attorneys and paralegals of said firm (sometimes hereinafter "Attorney") and am duly licensed to practice law in the State of California and am a member in good standing of the Bar of the aforesaid State(s).

2. That in order to facilitate his duties as a Trustee, it is necessary for the Trustee to employ special counsel to represent the Trustee for investigation, to make demand, to pursue a claim or recovery, and/or to file a lawsuit or lawsuits for the recovery of money or property involving specifically a claim on behalf of the Debtor(s) involving a confidential mass tort personal injury product liability claim (hereinafter the "Claim") against one or more confidential persons and/or Defendants including one or more medical device companies (hereinafter "Defendant" whether singular or plural).

3. That Attorney together with any other attorneys and paralegals of said firm is willing to be employed as special counsel to the Trustee for the performance of said legal services described herein with said attorney receiving compensation of an undivided contingent interest in said Claim upon the following terms and conditions:

<u>Contingency Based Fees</u>: The attorney's fees for said special counsel are on a contingency fee basis of Forty Percent (40%) of the gross amount recovered by any means whatsoever, including without limitation demand, settlement, motion, summary judgment, default judgment, judgment, litigation or otherwise.

<u>Reimbursement of Expenses</u>: Contingent upon a recovery, said Attorney is also entitled to reimbursement of reasonable and necessary expenses in pursuing said Claim.

<u>Limits on Fees and Expenses</u>: Provided, however, the total fees and reimbursement of expenses shall not exceed fifty percent (50%) of the gross amount recovered.

{0018648.DOCX}

4. To the best of my knowledge, Attorney does not represent any interest adverse to the Bankruptcy Estate, except that Attorney may, from time to time, have been engaged with various entities who may be creditors, parties in interest, or their attorneys or accountants, in regard to matters not connected with this case and not involving Applicant or their affairs.

5. Other than previous representation, if any, Attorney has no connections with the Debtor(s), creditors, any other party in interest, their respective accountants and attorneys, the United States Trustee, or any person employed in the office of the United States Trustee. Provided however, Attorney previously represented the Debtor(s) regarding the subject Claim, and Attorney and the Trustee have conferred and do not believe there is any conflict of interest to prohibit said attorney from being special counsel to the Trustee and the bankruptcy estate involving the specific Claim.

6. The undersigned agrees that that any monies recovered in said matter can be disbursed only upon proper Bankruptcy Court Order, and the undersigned agrees to provide reports to the Trustee as to the current status of this matter upon request of the Trustee.

This the 29th day of September, 2022.

_____
Troy A. Brenes

SWORN TO AND SUBSCRIBED before me on this the 29 day of September, 2022.

_____
NOTARY PUBLIC

(SEAL)

My Commission Expires: 03/22/2025



PARKER ALCHANATI
COMM # 2352652
Los Angeles County
California Notary Public
Comm Exp Mar. 22, 2025

{0018648.DOCX}

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____Orange_____

Subscribed and sworn to (or affirmed) before me on this __29__ day of __September__, 20__22__, by __Troy A. Brenes_____,
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(Seal)  
PARKER ALCHANATI
COMM # 2352652
Los Angeles County
California Notary Public
Comm Exp Mar. 22, 2025

Signature __Parker Alchanati__