IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:  ANNA WALKER  CASE NUMBER: 18-12097

**DEBTOR(S)**

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT

**COMES NOW**, Henry J. Applewhite, Trustee of the above styled and numbered bankruptcy proceeding, ("*Trustee*"), by and through counsel, and files this his Motion To Approve Compromise And Settlement ("*Motion*"), and in support hereof, states as follows, to-wit:

1. That in order to facilitate his duties as a Trustee, it was necessary for the Trustee to employ special counsel to represent the Trustee for investigation, to make demand, to pursue a claim or recovery, and/or to file a lawsuit or lawsuits for the recovery of money or property involving specifically a claim on behalf of the Debtor(s) involving a confidential mass tort personal injury product liability claim (hereinafter the "*Claim*") against one or more confidential persons and/or Defendants including one or more medical device companies (hereinafter "*Defendant*" whether singular or plural).

2. By Order dated November 1, 2022, the employment of the law firm of Brenes Law Group, P.C. including Troy A. Brenes together with any other attorneys and paralegals of said firm as the Special Counsel (sometimes hereinafter "Attorney" or "Special Counsel") was approved by the Court to represent the Trustee.

3. Special Counsel has vigorously asserted and pursued the aforesaid pending Claim and/or lawsuit against the Defendant, and the Defendant has vigorously defended the Claim asserted and/or lawsuit.

4. The Debtor(s) has sustained substantial personal physical injuries or personal physical sickness arising out of the aforesaid Claim. This settlement is strictly for compensatory nonbusiness damages received on account of personal physical injuries or personal physical sickness sustained by the individual claimant.

5. To avoid further litigation, the Trustee and the Defendant have agreed to settle and compromise the controversy by the Defendant paying to the Trustee the sum of $175,042.43

{0018792.DOCX}

arising out of the Claim. The aforesaid settlement sum will be paid to the Trustee upon the approval of this compromise and settlement by the Court in full and complete satisfaction of the Claim against the Defendant.

6. Special Counsel has recommended that the Trustee accept the aforesaid settlement of the aforesaid Claim as being in the best interests of the estate, and the Trustee, in consultation with the Special Counsel, believes that the compromise and settlement reached between the parties is in the best interest of this estate as it is highly probable that the Defendant will defend vigorously if the cause is not settled.

7. The Trustee does not anticipate full recovery of all sums sought due to problems of proof and defenses asserted. The Trustee has already incurred attorney's fees and expenses in the litigation of this matter, but will be forced to incur additional attorney's fees and expenses if the litigation is continued.

8. The Trustee requests the authority to accept the aforesaid settlement, to execute any and all releases and other documents necessary to finalize the settlement, and to receive the aforesaid settlement proceeds.

9. There are no Medicaid, Medicare, or any other liens on the settlement proceeds except for the compensation to Special Counsel requested herein. Please see Affidavit(s) attached hereto being Exhibit(s) A.

**WHEREFORE, PREMISES CONSIDERED**, Trustee, by and through counsel, respectfully requests that, after due notice is given to all creditors and parties-in-interest, the Court enter an order approving the compromise and settlement as hereinabove described, and Trustee prays for general relief.

Respectfully submitted on this the 3rd day of Feb., 2023.

HENRY J. APPLEWHITE
TRUSTEE, BY AND THROUGH HIS ATTORNEY

/s/ Henry J. Applewhite
**HENRY J. APPLEWHITE**
Attorney at Law
Post Office Box 724
Aberdeen, Mississippi 39730
Telephone: (662) 369-7783
MS Bar # 1609

{0018792.DOCX}

## CERTIFICATE OF MAILING

I, Henry J. Applewhite, hereby certify that I have on this date placed in the United States Mail, postage prepaid, a true and correct copy of the above and foregoing Motion To Approve Compromise and Settlement to the following:

Troy A. Brenes
Attorney at Law
Brenes Law Group, P.C.
100 Spectrum Center Drive
Suite 330
Irvine, CA 92618

Further, I do hereby certify that I have on this date filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the Office of the United States Trustee at USTPRegion05.AB.ECF@usdoj.gov.

Further, I do hereby certify that I have on this date filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Catherine Anne Umberger, Attorney for Debtor(s) at the electronic address on the ECF System

This the 3rd day of Feb., 2023.

/s/ Henry J. Applewhite
**HENRY J. APPLEWHITE**

{0018792.DOCX}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:     WALKER, ANNA                              CASE NUMBER: 18-12097

DEBTOR(S)

**EXHIBIT A**

STATE OF CALIFORNIA

COUNTY OF _____

**AFFIDAVIT**

    The undersigned, Troy A. Brenes, Attorney at Law, of Brenes Law Group, P.C., (sometimes hereinafter "Attorney"), and of lawful age, after first being duly sworn, and on oath, states as follows:

    1. That in order to facilitate his duties as a Trustee, it was necessary for the Trustee to employ special counsel to represent the Trustee for investigation, to make demand, to pursue a claim or recovery, and/or to file a lawsuit or lawsuits for the recovery of money or property involving specifically a claim on behalf of the Debtor(s) involving a confidential mass tort personal injury product liability claim (hereinafter the "Claim") against one or more confidential persons and/or Defendants including one or more medical device companies (hereinafter "Defendant" whether singular or plural).

    2. By Order dated November 1, 2022, the employment of the law firm of Brenes Law Group, P.C. including Troy A. Brenes together with any other attorneys and paralegals of said firm as the Special Counsel (sometimes hereinafter "Attorney" or "Special Counsel") was approved by the Court to represent the Trustee.

    3. Special Counsel has vigorously asserted and pursued the aforesaid pending Claim and/or lawsuit against the Defendant, and the Defendant has vigorously defended the Claim asserted and/or lawsuit.

    4. The Debtor(s) has sustained substantial personal physical injuries or personal physical sickness arising out of the aforesaid Claim  This settlement amount is strictly for compensatory nonbusiness damages received on account of personal physical injuries or personal physical sickness sustained by the individual claimant. No portion of this settlement amount is for emotional distress, loss of wages, loss of income, loss of potential earnings, loss of consortium, punitive damages, nor any other type of claim.

    As stated aforesaid, even though no portion of this settlement amount is allocated to or is for emotional distress, loss of wages, loss of income, loss of potential earnings, loss of consortium, or punitive damages, this settlement is inclusive and does release any and all such claims and any other claims of any type, and therefore prohibits Debtor(s) to file any future claims of any kind.

{0018792.DOCX}

5. To avoid further litigation, the Trustee and the Defendant have agreed to settle and compromise the controversy by the Defendant paying to the Trustee the sum of $175,042.43 arising out of the Claim. The aforesaid settlement sum will be paid to the Trustee upon the approval of this compromise and settlement by the Court in full and complete satisfaction of the Claim against the Defendant.

6. There are no Medicaid, Medicare, or any other liens on the settlement proceeds except for the compensation to Special Counsel requested herein.

7. Special Counsel recommends that the Trustee accept the aforesaid settlement of the aforesaid Claim as being in the best interests of the estate.

8. All of the matters and things stated herein are true and correct.

This the __19__ day of __January__, 2023.

_____
Troy A. Brenes

SWORN TO AND SUBSCRIBED before me on this the _____ day of _____, 2023.

_____
NOTARY PUBLIC

(SEAL)   See Attached:

My Commission Expires: _____

{0018792.DOCX}

# CALIFORNIA
# JURAT CERTIFICATE

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Orange

Subscribed and sworn to (or affirmed) before me on this 19th day of January, 2023, by Troy A. Brenes, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

WITNESS MY HAND AND OFFICIAL SEAL.

_____
Signature of Notary Public

THOMAS MORLEY
COMM. # 2363441
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
MY COMM. EXP. JUNE 30, 2025

(Notary Seal)

## OPTIONAL INFORMATION

*The jurat contained within this document is in accordance with California law. Any affidavit subscribed and sworn to before a notary shall use the preceding wording or substantially similar wording pursuant to Civil Code sections 1189 and 8202. A jurat certificate cannot be affixed to a document sent by mail or otherwise delivered to a notary public, including electronic means, whereby the signer did not personally appear before the notary public, even if the signer is known by the notary public. The seal and signature cannot be affixed to a document without the correct notarial wording. As an additional option an affiant can produce an affidavit on the same document as the notarial certificate wording to eliminate the use of additional documentation.*

DESCRIPTION OF ATTACHED DOCUMENT

Affidavit
(Title of document)

Number of Pages _____ (Including jurat)

Document Date _____

_____
(Additional Information)

CAPACITY CLAIMED BY THE SIGNER

☐ Individual
☐ Corporate Officer
☐ Partner
☐ Attorney-In-Fact
☐ Trustee
☐ Other: _____

MMX V. BAN2 510.409.1334    www.BayAreaNotary.com