## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:       ANNA WALKER                              CASE NUMBER: 18-12097

**DEBTOR(S)**

## APPLICATION FOR AUTHORITY TO PAY COMPENSATION
## AND EXPENSES TO SPECIAL COUNSEL

**COMES NOW**, Henry J. Applewhite, Trustee of the above styled and numbered bankruptcy proceeding, ("*Trustee*"), by and through counsel, and files this Application for Authority to Pay Compensation and Expenses to Special Counsel ("*Application*"), and in support hereof, states as follows, to-wit:

1. That in order to facilitate his duties as a Trustee, it was necessary for the Trustee to employ special counsel to represent the Trustee for investigation, to make demand, to pursue a claim or recovery, and/or to file a lawsuit or lawsuits for the recovery of money or property involving specifically a claim on behalf of the Debtor(s) involving a confidential mass tort personal injury product liability claim (hereinafter the "*Claim*") against one or more confidential persons and/or Defendants including one or more medical device companies (hereinafter "*Defendant*" whether singular or plural).

2. By Order dated November 1, 2022, the employment of the law firm of Brenes Law Group, P.C. including Troy A. Brenes together with any other attorneys and paralegals of said firm as the Special Counsel (sometimes hereinafter "Attorney" or "Special Counsel") was approved by the Court to represent the Trustee.

3. Special Counsel has vigorously asserted and pursued the aforesaid pending Claim and/or lawsuit against the Defendant, and the Defendant has vigorously defended the Claim asserted and/or lawsuit.

4. The Debtor(s) has sustained substantial personal physical injuries or personal physical sickness arising out of the aforesaid Claim. This settlement is strictly for compensatory nonbusiness damages received on account of personal physical injuries or personal physical sickness sustained by the individual claimant.

5. To avoid further litigation, the Trustee and the Defendant have agreed to settle and compromise the controversy by the Defendant paying to the Trustee the sum of $175,042.43

{0018796.DOCX}

arising out of the Claim. The aforesaid settlement sum will be paid to the Trustee upon the approval of this compromise and settlement by the Court in full and complete satisfaction of the Claim against the Defendant.

6. A separate Motion to Approve Compromise and Settlement has been filed (or will soon be filed) as set forth herein.

7. Special Counsel has performed legal services on behalf of the bankruptcy estate in connection with the pursuit of the aforesaid Claim and/or lawsuit against the Defendant. Special Counsel has performed substantial and valuable services which were reasonable and necessary in the administration of this estate.

8. Special Counsel seeks compensation for professional fees pursuant to the application of employment previously approved by the Court as stated aforesaid. Regarding the settlement sum of $175,042.43, Special Counsel seeks compensation of Forty percent (40%) of same being an attorney's fee of $70,016.97 plus reimbursement of expenses in the sum of $3,365.64, being in the total sum of $73,382.61. See Exhibit A hereto for itemization of expenses.

9. This is the first and final request for compensation regarding the aforesaid Claim, and at this time, Trustee is not aware of any other claims or disputes where any other fee applications will be filed in this case. No agreement or understanding exists between Special Counsel and any other persons for sharing of the compensation requested herein, see Affidavit being Exhibit B hereto.

10. Trustee would submit that the amount of compensation requested by Special Counsel is upon the terms and conditions as previously approved by the Court. Moreover, Trustee believes that the fees requested are reasonable and commensurate with the customary rates charged by other law firms of requisite skill and ability in such litigation matters as involved in the instant case.

11. Without any further order of the Court, the Trustee seeks authority to pay the aforesaid attorney's fees and expenses to Special Counsel upon approval of this compromise and settlement and upon receipt of the aforesaid settlement funds.

**WHEREFORE, PREMISES CONSIDERED,** Trustee, by and through counsel, respectfully requests that, after due notice is given to all creditors and parties-in-interest, the Court enter an order approving the attorney's fees and reimbursement of expenses to Special Counsel and authorizing the Trustee to pay same upon the terms and conditions set forth above, and Trustee prays for general relief.

Respectfully submitted on this the ___3rd___ day of ___Feb.___, 2023.

> HENRY J. APPLEWHITE
> TRUSTEE, BY AND THROUGH HIS ATTORNEY
>
> /s/ Henry J. Applewhite
> **HENRY J. APPLEWHITE**
> **Attorney at Law**
> Post Office Box 724
> Aberdeen, Mississippi 39730
> Telephone: (662) 369-7783
> MS Bar # 1609

## CERTIFICATE OF MAILING

I, Henry J. Applewhite, hereby certify that I have on this date placed in the United States Mail, postage prepaid, a true and correct copy of the above and foregoing Application for Authority to Pay Compensation and Expenses to Special Counsel to the following:

Troy A. Brenes
Attorney at Law
Brenes Law Group, P.C.
100 Spectrum Center Drive
Suite 330
Irvine, CA 92618

Further, I, Henry J. Applewhite, do hereby certify that I have on this date filed the foregoing Application for Authority to Pay Compensation and Expenses to Special Counsel with the Clerk of the Court using the ECF system which sent notification of such filing to the Office of the United States Trustee at USTPRegion05.AB.ECF@usdoj.gov.

Further, I do hereby certify that I have on this date filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Catherine Anne Umberger, Attorney for Debtor(s) at the electronic address on the ECF System

This the ___3rd___ day of ___Feb.___, 2023.

/s/ Henry J. Applewhite
HENRY J. APPLEWHITE

{0018796.DOCX}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:   ANNA WALKER                                    CASE NUMBER: 18-12097

DEBTOR(S)            EXHIBIT A

SEE ITEMIZATION OF EXPENSES

Expert review fees………………………..  ………...$977.50
Postage……………………………………..……….$2.18
Medical records…………………….:……….….....$104.51
Nurse review of medical records and creation
    of medical chronology……………..………......$2,281.45

Total…………………….…......$3,365.64

{0018796.DOCX}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE: ANNA WALKER  CASE NUMBER: 18-12097

DEBTOR(S)  EXHIBIT B

AFFIDAVIT

STATE OF CALIFORNIA
COUNTY OF _____

The undersigned, Troy A. Brenes, Attorney at Law, of Brenes Law Group, P.C., (sometimes hereinafter "Attorney"), and of lawful age, after first being duly sworn, and on oath, states as follows:

1. That in order to facilitate his duties as a Trustee, it was necessary for the Trustee to employ special counsel to represent the Trustee for investigation, to make demand, to pursue a claim or recovery, and/or to file a lawsuit or lawsuits for the recovery of money or property involving specifically a claim on behalf of the Debtor(s) involving a confidential mass tort personal injury product liability claim (hereinafter the "Claim") against one or more confidential persons and/or Defendants including one or more medical device companies (hereinafter "Defendant" whether singular or plural).

2. By Order dated November 1, 2022, the employment of the law firm of Brenes Law Group, P.C. including Troy A. Brenes together with any other attorneys and paralegals of said firm as the Special Counsel (sometimes hereinafter "Attorney" or "Special Counsel") was approved by the Court to represent the Trustee.

3. Special Counsel has vigorously asserted and pursued the aforesaid pending Claim and/or lawsuit against the Defendant, and the Defendant has vigorously defended the Claim asserted and/or lawsuit.

4. The Debtor(s) has sustained substantial personal physical injuries arising out of the aforesaid Claim. This settlement amount is strictly for compensatory nonbusiness damages received on account of personal physical injuries or personal physical sickness sustained by the individual claimant. No portion of this settlement amount is for emotional distress, loss of wages, loss of income, loss of potential earnings, loss of consortium, punitive damages, nor any other type of claim.

As stated aforesaid, even though no portion of this settlement amount is allocated to or is for emotional distress, loss of wages, loss of income, loss of potential earnings, loss of consortium, or punitive damages, this settlement is inclusive and does release any and all such claims and any other claims of any type, and therefore prohibits Debtor(s) to file any future claims of any kind.

5. To avoid further litigation, the Trustee and the Defendant have agreed to settle and compromise the controversy by the Defendant paying to the Trustee the sum of $175,042.43 arising out of the Claim. The aforesaid settlement sum will be paid to the Trustee upon the

approval of this compromise and settlement by the Court in full and complete satisfaction of the Claim against the Defendant.

6. Special Counsel seeks compensation for professional fees pursuant to the application of employment previously approved by the Court as stated aforesaid. Regarding the settlement sum of $175,042.43, Special Counsel seeks compensation of Forty percent (40%) of same being an attorney's fee of $70,016.97 plus reimbursement of expenses in the sum of $3,365.64, being in the total sum of $73,382.61.   See Exhibit A hereto for itemization of expenses.

6. This is the first and final request for compensation regarding the aforesaid Claim, and at this time, the undersigned is not aware of any other claims or disputes where any other fee applications will be filed in this case.  No agreement or understanding exists between the undersigned Special Counsel and any other persons for sharing of the compensation requested herein.

7. All matters and things stated herein are true and correct.

This the __19__ day of __January__, 2023.

_____
Troy A. Brenes

SWORN TO AND SUBSCRIBED before me on this the _____ day of _____, 2023.

_____
NOTARY PUBLIC

See Attached.

(SEAL)

My Commission Expires: _____

{0018796.DOCX}

# CALIFORNIA
# JURAT CERTIFICATE

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of __Orange__

Subscribed and sworn to (or affirmed) before me on this __19th__ day of __January__, 20__23__, by __Troy A. Brenes__,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

WITNESS MY HAND AND OFFICIAL SEAL.

THOMAS MORLEY
COMM. # 2363441
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
MY COMM. EXP. JUNE 30, 2025

Signature of Notary Public                                (Notary Seal)

## OPTIONAL INFORMATION

*The jurat contained within this document is in accordance with California law. Any affidavit subscribed and sworn to before a notary shall use the preceding wording or substantially similar wording pursuant to Civil Code sections 1189 and 8202. A jurat certificate cannot be affixed to a document sent by mail or otherwise delivered to a notary public, including electronic means, whereby the signer did not personally appear before the notary public, even if the signer is known by the notary public. The seal and signature cannot be affixed to a document without the correct notarial wording. As an additional option an affiant can produce an affidavit on the same document as the notarial certificate wording to eliminate the use of additional documentation.*

DESCRIPTION OF ATTACHED DOCUMENT

__Affidavit__
(Title of document)

Number of Pages _____ (Including jurat)

Document Date _____

_____
(Additional Information)

CAPACITY CLAIMED BY THE SIGNER

☐ Individual
☐ Corporate Officer
☐ Partner
☐ Attorney-In-Fact
☐ Trustee
☐ Other: _____

MMX V. BAN2 510.409.1334    www.BayAreaNotary.com